## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HELEN MIKIEWICZ                              :
                                             :
             **Plaintiff,**                  :
                                             :
     v.                                      :     3:15-CV-02426
                                             :     (JUDGE MARIANI)
STANLEY J. HAMORSKI and                      :
ERIE INSURANCE EXCHANGE                      :
                                             :
             **Defendants.**                 :

*FILED SCRANTON MAY - 3 2016 PER DEPUTY CLERK*

### MEMORANDUM OPINION

Presently before the Court is Plaintiff Helen Mikiewicz's Motion to Remand Pursuant to

28 U.S.C. § 1446 and 1447. (Doc. 3). Plaintiff initially filed this action in the Lackawanna

County Court of Common Pleas and Defendant Erie Insurance Exchange ("Erie") removed

to this Court. For the reasons that follow, Plaintiff's motion is granted and the matter is

remanded to the Lackawanna County Court of Common Pleas. Plaintiff's application for an

award of attorneys' fees, expenses, and costs will also be granted. Plaintiff is directed to file

a Memorandum of Costs and Expenses, including Attorney's Fees, incurred as a result of

Erie's improper removal in accordance with the terms of the order that follows.

### I.     BACKGROUND

The instant matter stems from Plaintiff's December 2013 motor vehicle accident with

Defendant Stanley Hamorski, who was insured by Defendant Erie. (Doc. 3, at 2).

Specifically, on December 4, 2015, Plaintiff initiated this action in the Lackawanna County

Court of Common Pleas alleging that Erie's conduct—requiring her to satisfy certain

conditions precedent in order to receive settlement funds—violates Pennsylvania Rule of

Civil Procedure 229.1 which requires settlement proceeds to be paid within twenty days of

the execution of a Settlement Agreement and Release. (Doc. 3, at 5).

Approximately two weeks later, on December 17, 2015, Plaintiff filed a Motion to Enforce

Settlement Release and Agreement against Defendant Erie and argued that motion before

the Honorable Michael Barrasse. (*Id.*). That same day, Erie filed its Answer and sought

removal to this Court pursuant to 28 U.S.C. § 1441(a). (Doc. 1). According to Erie, removal

to this Court is proper because Plaintiff's claim "involves the federal statute which is known

as the Medicare Secondary Payer Act (MSPA)" and therefore federal question jurisdiction

exists under 28 U.S.C. § 1331.[1] (Doc. 1, at 2). Erie further maintains that removal is

appropriate because the MSPA is an "extraordinary" statute that "completely preempts"

state law. (Doc. 11, at 5-6).

On January 13, 2016, Plaintiff moved to remand the action to the Lackawanna County

Court of Common Pleas. (Doc. 3). The Court held a telephonic conference on February 16,

2016, and ordered the parties to file supplemental briefs addressing the Court's jurisdiction.

(Doc. 9).

---

[1] The MSPA "makes Medicare the secondary payer for medical services provided to Medicare beneficiaries whenever payment is available from another primary payer. This means that if payment for covered services has been or is reasonably expected to be made by someone else, Medicare does not have to pay." *Bradley v. Sebelius*, 621 F.3d 1330, 1335-37 (11th Cir. 2010) (internal citation and quotation marks omitted). "Such payment is conditioned on Medicare's right to reimbursement if a primary plan later pays or is found to be responsible for payment of the item or service." *Id.* at 1336-37.

## II.   DISCUSSION

### A.   Plaintiff's Claims Do Not Arise Under Federal Law

Federal district courts have original jurisdiction over "all civil actions arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  Whether an action

"arises under" federal law is governed by the well-pleaded complaint rule.  *See Caterpillar*

*Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) ("The presence

or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,'

which provides that federal jurisdiction exists only when a federal question is presented on

the face of the plaintiff's properly pleaded complaint.") (citing *Gully v. First Nat'l Bank*, 299

U.S. 109, 112-13, 57 S.Ct. 96, 81 L.Ed. 70 (1936)).  If a federal question is presented on the

face of the plaintiff's complaint, 28 U.S.C. § 1441(a) generally permits a defendant to

remove the action to federal court.  It is Erie's burden to show that removal was proper and

that the "'action is properly before the federal court.'"  *Shupp v. Reading Blue Mountain*, 850

F. Supp. 2d 490, 494 (M.D. Pa. 2012) (quoting *Sikirica v. Nationwide Ins. Co.*, 416 F.3d

214, 219 (3d Cir. 2005)).

Erie contends that federal question jurisdiction exists under 28 U.S.C. § 1331

because "[t]he Plaintiff's Motion to Enforce Settlement Release and Agreement involves the

Federal statute which is known as the Medicare Secondary Payer Act (MSPA) and its

provisions including but not limited to 42 U.S.C. Section 1395 (y)(b), and, in particular,

Medicare's entitlement to reimbursement from the primary payer." (Doc. 6, at 2).  However,

3

simply because a state law claim "involves" a federal statute or would require a state court to "make a determination as to the duties and obligations in the Medicare Secondary Payer Act," (Doc. 11, at 4), does not in and of itself provide a basis for removal. *See, e.g., Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 106 S.Ct. 3229, 92 L.Ed.2d 650 (1986) (holding that a state court action alleging negligence on the theory that defendant's violation of a federal statute constituted negligence *per se* did not present a federal question and therefore removal was improper).

Applying the well-pleaded complaint rule, the Court concludes that nothing on the face of Plaintiff's motion to enforce the settlement agreement raises a question of federal law. Nor is there anything in Plaintiff's filings suggesting the "artful pleading" of its claims in an attempt to avoid federal jurisdiction. *Caterpillar*, 482 U.S. at 397. Instead, (and despite Erie's assertions to the contrary), Erie raises federal law as a defense to Plaintiff's claim. (Doc. 11, at 5). As the Supreme Court has long recognized, a "case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar*, 482 U.S. at 393 (emphasis in original). Therefore, Erie cannot, "merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated." *Id.* at 399.

## B.  The MSPA Does Not Completely Preempt State Law

Erie next asserts that removal is appropriate because the MSPA "triggers the complete pre-emption doctrine because an interpretation of the [MSPA] would set forth the obligation of all parties involved in civil litigation nationwide where there is an issue of whether Medicare is entitled to repayment of expenses incurred in civil litigation," and the "issue is so extraordinary that a federal interpretation should completely preempt any state cause of action." (Doc. 11, at 6).  The "complete pre-emption doctrine," a corollary to the well-pleaded complaint rule, provides that in certain limited circumstances "the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule." *Caterpillar*, 482 U.S. at 393 (quoting *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987)).  "Once an area of state law has been completely pre-empted, any claim purportedly based on that pre-empted state law is considered, from its inception, a federal claim, and therefore arises under federal law." *Id.* at 394 (citing *Franchise Tax. Bd. of California v. Constr. Laborers Vacation Trust for Southern California*, 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983)).

Here, Erie points to no case supporting its assertion that the MSPA is so "extraordinary" that it completely preempts state law and the Court is aware of none.[2]  In

---

[2] Erie's citation to *Villare v. Geico Cas. Co.*, Civil Action No. 14-2288, 2015 WL 1312386 (E.D. Pa. Mar. 24, 2015) misses the mark. (Doc. 11, at 7).  In *Villare*, unlike here, removal was premised on diversity jurisdiction under 28 U.S.C. § 1332. *Id.* at *1 ("In this diversity case, the Court had subject matter jurisdiction under 28 U.S.C. § 1332(a)(1).").  The Court made no reference to federal question jurisdiction.

fact, Courts in this Circuit have consistently held that a state law cause of action that references or "involves" the MSPA or the Medicare statute is not removable to federal court because it does not raise a federal question. *See, e.g., Kovach v. Coventry Health Care, Inc.*, No. 02:10-cv-00536, 2011 WL 284174, at \*5 (W.D. Pa. 2011) (remanding action to state court and holding that "Plaintiff's claims are not completely preempted because they do not arise under the Medicare Act"); *Pennsylvania v. TAP Pharma. Prods., Inc.*, 415 F. Supp. 2d 516, 525 (E.D. Pa. 2005) (rejecting Defendants argument that "the interpretation of the federal Medicare statute presents a substantial question of federal law" and remanding to state court); *Nott v. Aetna U.S. Healthcare, Inc.*, 303 F. Supp. 2d 565, 567 (E.D. Pa. 2004) ("We conclude that the Medicare Act does not completely preempt plaintiff's state causes of action. Therefore we shall remand this case to the state court for resolution of the statutory conflict."); *Orthotic Sales & Servs. Inc. v. La Rosa*, No. CIV.A. 96-4377, 1998 WL 461847, at \*3 (E.D. Pa. Aug. 6, 1998) ("There is no suggestion that plaintiff's proper cause of action falls under the provisions of the [Medicare statute], nor does a review of federal Medicare law suggest that Congress intended it to exclusively govern contracts between providers of health care services. At most, defendants may—although the Court does not imply that they do—have a defense to that portion of plaintiff's contract claim premised on Medicare reimbursement.").[3]

---

[3] In addition, Courts outside this Circuit consistently hold that mere reference to the MSPA and the Medicare statute is insufficient to confer federal question jurisdiction. *See, e.g., State of New York v. Lutheran Center for Aging*, 957 F. Supp. 393, 398-400 (E.D.N.Y. 1997) (holding that liability for Medicaid payments paid by the State to the defendant which the State alleged should have been paid under

In short, nothing in the MSPA or the Medicare statute demonstrates that the MSPA completely pre-empts state law and therefore the removal of this action was improper.

### C.  Expenses, Costs, And Attorneys' Fees Under 28 U.S.C. § 1447(c)

Plaintiff requests expenses, costs, and attorneys' fees in connection with the Defendant's improper removal.  (Doc. 3, at 6).  Pursuant to 28 U.S.C. § 1447(c) "an order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal proceedings." *Id.*  The Court has the discretion to determine whether an award of expenses, costs, and attorneys' fees are appropriate under the circumstances.  *See Giangrante v. Varallo*, 153 F. App'x 814, 815 (3d Cir. 2005) ("[I]t is well-settled that the resolution of a motion to grant attorney fees in connection with improper removal of a state court action to federal court is a matter committed to the sound discretion of the district court."); *accord Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively reasonable basis

---

Medicare is determined by reference to state law and is not a federal question); *Massachusetts v. Philip Morris Inc.*, 942 F. Supp. 690 (D. Mass. 1996) (state contract claims concerning Medicare payments does not support removal under federal question jurisdiction); *Venacare U.S.A., Inc. v. Alternative Health Grp., Ltd.*, C.A. No. 94-4088, 1995 WL 120088, at *2 (E.D. La. Mar. 16, 1995) ("Although one issue in this case, the payment of Medicare reimbursement funds, may involve the application of federal law, this issue is not a federal question with respect to the lawsuit in its entirety.  The breach of contract claims alleged in Plaintiffs' complaint are not governed by the Social Security Act and do not arise under the laws of the United States.").

exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141, 126

S.Ct. 704, 163 L.Ed.2d 547 (2005).

The Court concludes that Erie lacked an objectively reasonable basis for removal. As

discussed, Plaintiff's state law cause of action seeking to enforce a settlement agreement

for allegedly violating state law—even if the claim hypothetically "involves" a federal statute

such as the MSPA—was plainly insufficient to permit removal. *See Lott v. Duffy*, 579 F.

Appx. 87, 90 (3d Cir. 2014) (affirming district court's award of attorney's fees under §

1447(c) when removal "was plainly unreasonable"). Not only did Erie fail to cite any case

law supporting removal (other than its misleading citation to *Villare*) but, as Plaintiff notes,

Erie "has repeatedly been sanctioned" for making similar unsuccessful arguments in the

past concerning the MSPA.[4]  Because Erie's arguments in support of removal wholly lack

merit and have been consistently rejected by the federal courts, *see supra* at 5-7, the Court

concludes that Erie's removal of this action was objectively unreasonable. Accordingly, the

Court will grant Plaintiff's motion for attorneys' fees and costs under § 1447(c). Plaintiff

---

[4] Specifically, Plaintiff maintains that Erie has "knowingly and repeatedly" defied the Pennsylvania Superior Court's decision in *Zaleppa v. Seiwell*, 9 A.3d 632 (Pa. Super. 2010) which held that "neither the MSPA nor Pennsylvania Law authorize a private entity to assert the interests of the United States Government in any context." (Doc. 12, at 1-2). Plaintiff further notes that Erie "has knowingly and repeatedly defied the *Zaleppa* decision and repeatedly been sanctioned for same and ordered to pay interest, filing costs, and attorney's fees," (*id.* at 2) and merely seeks "to impose additional requirements on Plaintiff through its impermissible assertion of rights that belong solely and exclusively to the United States Government." *Id.* at 4. Exhibit B to Plaintiff's Motion to Enforce Settlement Agreement and Release, (Doc. 1, at 12-20), contains multiple state court orders where the court both granted the plaintiffs' motion to enforce a settlement agreement and imposed sanctions on Erie. *See, e.g.,* (Doc. 1-1, at 18) (granting plaintiff's motion to enforce settlement agreement and imposing sanctions on Erie, noting that it "cannot withhold settlement funds while asserting the interests of the United States government as to the reimbursement of the Medicare liens"). Moreover, Erie does not dispute the authenticity of those orders— only that its position was "illegal" and sanctionable. *Id.* at 43-45.

shall file a Memorandum of Cost and Expenses, including Attorney's Fees, incurred as a result of removal.  Defendant shall be permitted to file any opposition to Plaintiff's Memorandum.

### III.    CONCLUSION

For the reasons set forth in this Memorandum, the Court grants Plaintiff's Motion to Remand and for attorneys' fees and costs.  A separate Order follows.

Robert D. Mariani
United States District Judge